UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK NATIONAL ASSOCIATION,<br><br>           Plaintiff,<br><br>      v.<br><br>DAVID RENFRO,<br><br>           Defendant. | Case No.  15-cv-01730-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE; AND REMANDING CASE TO STATE COURT**<br><br>[RE:  ECF 10] |

      Before the Court is Magistrate Judge Howard R. Lloyd's April 17, 2015 Report and Recommendation that this unlawful detainer action be remanded to the Santa Cruz County Superior Court.  R&R, ECF 10.  No objections to the Report and Recommendation have been filed and the deadline to object has elapsed.  *See* Fed. R. Civ. P. 72(b)(2) (deadline for objections is fourteen days after being served with report and recommendation).

      The Report and Recommendation is well-founded in fact and law.  Defendant David Renfro ("Renfro") removed this unlawful detainer action on the basis of federal question jurisdiction under 28 U.S.C. § 1331, asserting that he (Renfro) "seeks remedies under, Americans with Disabilities Act of 1990."  Notice of Removal ¶ 4, ECF 1.  As noted by Judge Lloyd, however, federal question jurisdiction lies only when the *plaintiff's complaint* discloses a federal claim.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  "Federal jurisdiction cannot be predicated on an actual or anticipated defense."  *Id.*  "Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."  *Id.*  Judge Lloyd concluded correctly that because the unlawful detainer complaint is based solely on state law, no federal question jurisdiction lies regardless of any defenses or counterclaims Renfro might assert under the ADA.

Although the Notice of Removal does not assert diversity jurisdiction under 28 U.S.C. § 1332, Judge Lloyd in an excess of caution observed that Renfro has indicated that he and Plaintiff are citizens of different states.  However, Judge Lloyd concluded correctly that no diversity jurisdiction lies because Renfro has neither identified the citizenship of each party nor established that the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332 (establishing requirements for diversity jurisdiction).

After Judge Lloyd filed his Report and Recommendation, Renfro filed a "Corrected Notice of Removal."  Corrected Notice of Removal, ECF 14.  The Corrected Notice of Removal does not cure the defects in the original Notice of Removal that are addressed by Judge Lloyd's Report and Recommendation.

Accordingly, Judge Lloyd's Report and Recommendation is ADOPTED in its entirety, and this case is hereby REMANDED to the Santa Cruz County Superior Court.

**IT IS SO ORDERED.**

Dated: May 5, 2015

_____
BETH LABSON FREEMAN
United States District Judge